RECEIVED
IN LAKE CHARLES, LA
FEB - 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:02 CR 20024 |
| VS. | : | JUDGE MINALDI |
| FRANCISCO D. PINEIRO, A/K/A FRANK PINEIRO | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

IT IS ORDERED that the Opinion dated December 15, 2006 [doc. 200] IS HEREIN AMENDED to read as follows:

This matter has been remanded for resentencing by the Fifth Circuit Court of Appeal.

The defendant, Francisco D. Pineiro, ("Pineiro"), was convicted after a trial in the Western District of Louisiana. Judge James T. Trimble, Jr., presided over the trial. Pineiro was convicted by a jury of conspiracy to distribute "less than 50 kilograms" of marijuana and "50 grams or less" of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Presentence Report ("PSR") indicated that Pineiro was responsible for drug amounts much greater than the amounts specifically found by the jury. The PSR stated that Pineiro was responsible for 453.6 kilograms of marijuana and 1,048.95 grams of cocaine. Based upon these quantities of drugs, the PSR indicated a base offense level of 28. The PSR further recommended that Pineiro receive a four-level sentence enhancement under U.S.S.G. § 3B1.1(a) for being an "organizer or leader" of the conspiracy. The resulting total offense level was 32. This offense level, combined with a criminal history score of I, yielded a Guideline range of 121 to 151 months. Judge Trimble sentenced Pineiro within the then mandatory

guideline range and was explicit during the sentencing that, had the guidelines not been mandatory, the defendant would have received a lesser sentence.

Pineiro objected to the judge-made findings which increased the quantity of drugs for which he was held liable. His objections were overruled by the trial judge and he appealed to the Fifth Circuit. The Fifth Circuit held that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)[1] did not apply to the U.S. Sentencing Guidelines, affirming Pineiro's sentence. Pineiro then filed a petition for writ of certiorari to the Supreme Court.

The Supreme Court granted certiorari, vacated the Fifth Circuit's judgment, and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On remand, the Fifth Circuit found that the Sixth Amendment *Booker* error was not harmless. Pineiro's sentence was vacated and the matter was remanded for resentencing.

In the interim, this case was transferred from Judge Trimble to the undersigned. At resentencing, Pineiro urged the court to sentence him based on the drug quantities found by the jury and asked that the court not apply the four-point organizer-leader enhancement. Based upon *Apprendi* and *Booker*, and based upon the fact that the Fifth Circuit's ruling affirming drug quantity had been vacated by the Supreme Court, this court accepted Pineiro's drug quantity argument and resentenced Pineiro based upon the quantity found by the jury. The four-point enhancement was sustained. This reduced Pineiro's total offense level to 22, producing an advisory guideline range of 63 to 78 months imprisonment. Pineiro was sentenced to 63 months imprisonment on Count 1 and to 60 months imprisonment on each Counts 2 and 3, to run concurrently. The Government then

---

[1] *Blakely* held that Washington state's mandatory sentencing guidelines were unconstitutional.

appealed to the Fifth Circuit.

On appeal, the Fifth Circuit held that this court exceeded the boundaries of their mandate in resentencing Pineiro to 63 months imprisonment. The sentence was again vacated and remanded for resentencing. The Fifth Circuit applied the mandate rule, which is a specific corollary or specific application of the law of the case doctrine which prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand.[2] The court stated that, when on remand, "the district court assays to implement the mandate, it must proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces."[3]

After remand by the Supreme Court, the Fifth Circuit held that: 1) the error in enhancing the defendant's sentence pursuant to its finding that he was responsible for a greater quantity of drugs than that for which the jury found him responsible, in violation of the defendant's Sixth Amendment rights, was not harmless, and, 2) remand was necessary to permit the sentencing judge to determine whether he would have imposed the same sentence had he known the guidelines were advisory, rather than mandatory. Taking into account the appeal court's opinion that there was an error in enhancing the defendant's sentence pursuant to the finding of a greater quantity of drugs than that found by the jury, the district court on remand sentenced the defendant based upon the quantity of drugs determined by the jury.

Accepting the previous determination of drug quantity for purposes of guideline calculation

---

[2] *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

[3] *United States v. Pineiro*, No. 06-30242, November 9, 2006, p. 9.

will not alter this court's sentence. Judge Trimble made it abundantly clear[4] that he would have imposed a lesser sentence on Piniero but for the then mandatory sentencing guidelines. Based upon Judge Trimble's comments at sentencing, this court finds that he would have deviated had the guidelines not been mandatory.

Accordingly, for the reasons set forth herein, this court finds that, as articulated by Judge Trimble, there are sufficient grounds to depart from the guidelines. IT IS ORDERED that the defendant is resentenced to 63 months on Count 1 and to 60 months on Counts 2 and 3 to run concurrently.

Lake Charles, Louisiana, this 8 day of February, 2007.

PATRICIA MINALDI

---

[4] "I am bound by the sentencing Guidelines that's [sic] prepared by the United States Sentencing Commission. So I have to operate within those perimeters, unless there are certain reasons why the guidelines can be bent..." Transcript of Sentencing [sic] before Judge Trimble, p. 4. "It is clear to me that while you did not spend all your time dealing dope, that you held some worthwhile honest job, that you also were good enough neighbor that you impressed people of good standing in your community." Transcript, p. 6. "You have a good record of work. I guess the longest work history was 1990 and 1999 when you were making fifteen hundred dollars a month as an electrical and instrumentation technician. You tried the farming business and really did not make much of a success at that. But you're not afraid to work and that's commendable..." Transcript, p. 7. "You do not have any prior record." Transcript, p. 7. "You have proven yourself the kind of person this country needs in the way of citizens, those who come and are willing to work and pay taxes and become a valuable member of society, and you did that." Transcript, p. 9. "I certainly consider you a person who has many redeemable virtues." Transcript, p. 10. "...All circumstances considered, Mr. Piniero's record, and so forth, I'm receptive to a sentence at the bottom of the guidelines. These drug sentences are just, in general, pretty harsh, anyway." Transcript, p. 11.